**Dorothy and Sims TYUS, Plaintiffs,**

**v.**

**KIDNEY CARE, INC., Defendant.**

**No. 1:96CV285–S–D.**

United States District Court,
N.D. Mississippi,
Eastern Division.

Oct. 9, 1997.

---

**4.** The defendant does not dispute that attorney's fees are not allowable in simple negligence cases   in Mississippi.

Rhonda Renea Hayes, Colom & Colom, Columbus, MS, for Plaintiffs.

Byron Palmer Hansbro, McCoy, Wilkins, Stephens & Tipton, Jackson, MS, for Defendant.

## OPINION

SENTER, Chief Judge.

This cause—alleging medical malpractice, malicious prosecution, abuse of process, and intentional infliction of emotional distress—is before the court on defendant's second motion for summary judgment. On the first occasion, the court denied the motion on the grounds that it was untimely filed and failed to address several of plaintiffs' claims. Defendant has cured those defects, and the court is prepared now to rule. The court must, however, address one related matter first.

On or about April 8, 1997, two days before trial was to commence in this case, plaintiff Dorothy Tyus died. On May 5, defendant filed a suggestion of death, thereby triggering a 90-day time period in which party substitution was to be made. Fed.R.Civ.P. 25(a)(1). No motion for substitution has been made, and therefore, "the action shall be dismissed as to the deceased party," *id.,* leaving intact only the claims by Sims Tyus for malicious prosecution, abuse of process, and intentional infliction of emotional distress.

## I.

To recover for malicious prosecution, Mr. Tyus must prove:

(1) The institution or continuation of original judicial proceedings, either criminal or civil;

(2) By, or at the insistence of, the defendant[ ];

(3) The termination of such proceedings in plaintiff's favor;

(4) Malice in instituting the proceedings;

(5) Want of probable cause for the proceedings; and

(6) The suffering of damages as a result of the action or prosecution complained of.

*Moon v. Condere Corp.*, 690 So.2d 1191, 1194 (Miss.1997). On a motion for summary judgment, plaintiff must merely raise a genuine issue of material fact on each factor.

■ In this case, Mr. Tyus can easily prove the first two factors—he was arrested for trespass after defendant's complaint to police about his presence at the subject dialysis facility. Tyus maintains, however, that there is a genuine issue of material fact regarding the third factor even though he was convicted of trespass, paid the $212.00 fine imposed by the judge, and did not appeal the judgment. He argues that his conviction was procured through false testimony and without foundation of the law.

■ Having carefully considered the matter, the court is of the opinion that Mr. Tyus has not raised a genuine issue of material fact on the third element. The law in Mississippi is clear:

> [A] conviction is conclusive evidence of probable cause for instituting a criminal prosecution, and a plaintiff, in a suit for malicious prosecution based on a criminal prosecution, must show that the criminal proceeding terminated in his favor as a condition precedent to recovery.

*Pugh v. Easterling*, 367 So.2d 935, 938 (Miss. 1979). It is insufficient to argue, as instant plaintiff does, that the conviction was wrongly obtained:

> If a defendant is convicted on evidence obtained by fraud, perjury, or other corrupt means, adequate post conviction remedies exist whereby the conviction may be corrected....Stated differently, plaintiff should exhaust all available post conviction remedies and secure a termination of such criminal proceeding favorable to him before recovering in an action for malicious prosecution.

*Id.* Mr. Tyus did not pursue any avenue of post-conviction relief to challenge the validity of his conviction; therefore, he is foreclosed from maintaining an action for malicious prosecution. Defendant is entitled to summary dismissal of that claim.

## II.

■ Under Mississippi law, the essential elements of a claim for abuse of process are as follows: "(1) the existence of an ulterior purpose, (2) the malicious perversion of process for a purpose and to obtain a result not lawfully warranted or properly attainable, and (3) a demonstration of damages resulting from the abuse." *Enlow v. Tishomingo County, Mississippi*, 962 F.2d 501, 512 (5th Cir.1992). Mr. Tyus maintains that defendant secured his arrest in retaliation for filing the original complaint in this case, thus creating a genuine issue of material fact on the first two elements. The court does not agree. Even if the court gives plaintiff the benefit of the first element, i.e., defendant had Mr. Tyus arrested because it wanted him to drop the instant suit, he cannot proceed as a matter of law. If defendant had, for example, advised Mr. Tyus to ignore the warning letter it had sent him, invited him to escort his wife into the unit, secured his arrest, and then offered to drop the charges in exchange for dismissal of the suit, defendant would have engaged in a malicious perversion of process because it would have known that the charges were not "lawfully warranted." However, under the facts of this case (taken, of course, in the light most favorable to Mr. Tyus), he cannot raise a genuine issue of material fact on that point. Defendant warned Mr. Tyus in writing and verbally through its security officer that he was forbidden to come upon its property. Defendant also advised Mr. Tyus that it would press trespassing charges against him if he ignored the warnings. Mr. Tyus intentionally defied the warnings and was arrested. In that situation, there simply is no claim for abuse of process, and defendant is entitled to summary dismissal of that claim as well.

## III.

■ An action for the intentional infliction of emotional distress occurs "[w]here there is something about the defendant's conduct which evokes outrage or revulsion, done intentionally ... the results being reasonably foreseeable ... even though there has been no physical injury." *Sears, Roebuck & Co. v. Devers*, 405 So.2d 898, 902 (Miss.1981).

"[T]he contours of this 'outrage or revulsion' standard are not clearly defined in the Mississippi case law," *White v. Walker*, 950 F.2d 972, 978 (5th Cir.1991); however, "[d]ecisions rendered by the Supreme Court of Mississippi and federal courts sitting in diversity jurisdiction in the Magnolia state on intentional infliction of emotional distress claims consistently turn on whether a plaintiff satisfies the requisite elements set forth in the Restatement (Second) of Torts." *Jenkins v. City of Grenada*, 813 F.Supp. 443, 446 (N.D.Miss. 1993). Comment *d* to Section 46 offers the best explanation of this tort:

> One who by *extreme and outrageous conduct* intentionally and recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.... [G]enerally, the case is one in which the recitation of the fact *to an average member of the community* would arouse as a resentment against the actor, and lead him to exclaim, 'outrageous.' The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities.

Restatement (Second) of Torts § 46 cmt. d. Furthermore,

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

*Id.* See also *Burroughs v. FFP Operating Partners, L.P.*, 28 F.3d 543, 546 (5th Cir. 1994). "[I]t is the nature of the act itself—as opposed to the seriousness of the consequences—which gives impetus to legal redress." *Devers*, 405 So.2d at 902.

▮ Having carefully considered the matter, the court is of the opinion that defendant is entitled to summary judgment on this last claim as well. Although the court may not agree with the way the Tyuses' complaints were handled by defendant's staff (indeed, this suit could possibly have been avoided if defendant had made an exception and respected Mrs. Tyus' wishes regarding her treating nurse), it believes nevertheless that, as a matter of law, defendant's conduct was not so extreme or outrageous as to go beyond all possible bounds of decency and to be regarded as utterly intolerable in a civilized community.

## CONCLUSION

Because no party substitution was made after Dorothy Tyus' death was suggested on the record, all claims brought by her are dismissed. All claims brought by Sims Tyus are also dismissed as there are no genuine issues of material fact and defendant is entitled to judgment as a matter of law on each claim.

An appropriate order and final judgment shall issue.