IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60775
Summary Calendar
_____

RUTHIE TYUS, Administratrix of the Estate of Sims Tyus,
Deceased,

Plaintiff-Appellant,

v.

RCG MISSISSIPPI INC, doing business as Kidney Care Inc,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(1:96-CV-285-S-D)
_____

January 5, 1999

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Dorothy and Sims Tyus brought this action against defendant-appellee RCG Mississippi, Inc. alleging negligence, malicious prosecution, abuse of process, and intentional infliction of emotional distress arising out of Dorothy Tyus's dialysis treatment.  The district court granted defendant-appellee's motion for summary judgment on Sims Tyus's claims and dismissed

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dorothy Tyus's claims.  We affirm.


I.  FACTUAL & PROCEDURAL BACKGROUND

Dorothy Tyus, a blind person with end stage renal disease, began receiving dialysis treatment from defendant-appellee RCG Mississippi, Inc. (RCG) in June 1995.  Her husband, Sims Tyus, usually escorted her into the clinic and to her dialysis chair. In April 1996, Dorothy Tyus alleged that a RCG nurse negligently allowed her to bleed for a prolonged period of time.

In May 1996, RCG wrote Sims Tyus a letter requesting that he only assist Dorothy Tyus into the building and not accompany her to her chair.  RCG alleges that Sims Tyus had become belligerent and aggressive with the staff and harassed other patients.  RCG accused Sims Tyus of not abiding by this restriction and stated in an August 22, 1996 letter that he was barred from entering RCG property and that local authorities would be called if he did so. Sims Tyus did enter RCG property on August 30, 1996, and RCG had him arrested by the local police department.  Sims Tyus was convicted in municipal court for trespass and paid a fine.

Dorothy and Sims Tyus filed this suit in state court on August 20, 1996, alleging RCG breached its duty of care to Dorothy Tyus by improperly treating her in April 1996.  RCG removed the case to the United States District Court for the Northern District of Mississippi on the basis of 28 U.S.C. § 1441(a).  Dorothy and Sims Tyus amended their complaint in February 1997, adding claims of malicious prosecution, abuse of

2

process, and intentional infliction of emotional distress arising out of Sims Tyus's arrest.  Dorothy Tyus died in April 1997, and RCG filed a suggestion of death with the court on May 5, 1997.  The district court granted RCG's motion for summary judgment as to Sims Tyus's claims in October 1997, and dismissed Dorothy Tyus's claims because no motion for substitution had been made.  See Tyus v. Kidney Care, Inc., 982 F. Supp. 422 (N.D. Miss. 1997).  Sims Tyus timely appealed both the grant of summary judgment on his own claims and the dismissal of Dorothy Tyus's claims.  Sims Tyus died in February 1998, and this court substituted plaintiff-appellant Ruthie Tyus as administratrix of his estate.

## II. DISCUSSION

Ruthie Tyus argues that the district court erred in dismissing Dorothy Tyus's claims because a suggestion of death was not served upon her estate as required by Rule 25 of the Federal Rules of Civil Procedure.  Ruthie Tyus also contends that the district court erred in granting summary judgment because there were genuine issues as to the claims of malicious prosecution, abuse of process, and intentional infliction of emotional distress.  We address each of these issues in turn.

### A. Standard of Review

We review questions of law such as a district court's interpretation of a Federal Rule of Civil Procedure de novo.  See Bellaire Gen. Hosp. v. Blue Cross Blue Shield, 97 F.3d 822, 827 (5th Cir. 1996).  We also review the grant of summary judgment by

3

a district court de novo.  See Tolson v. Avondale Indus., Inc., 141 F.3d 604, 608 (5th Cir. 1998).  We first consult the applicable law to determine the material fact issues.  See Baker v. Putnal, 75 F.3d 190, 197-98 (5th Cir. 1996).  "We then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party."  Id. at 198.  Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

## A. Dorothy Tyus's Claims

Rule 25(a)(1) provides that "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties."[1]  Fed R. Civ. P. 25(a)(1).  Once information of a death is provided pursuant to a suggestion of death, a representative has ninety days to file a motion to substitute.  See id.; Fed. R. Civ. P. 25 advisory committee's note.  The suggestion of death upon the record is a statement of the fact of a party's death "served on the parties as provided in Rule 5 and

_____

[1]  Whether Dorothy Tyus's claims survived her death is determined under Mississippi law.  See Ransom v. Brennan, 437 F.2d 513, 520 (5th Cir. 1971); see also Miss. Code Ann. § 91-7-237 ("When either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may prosecute or defend such action.").  Neither party argues that Dorothy Tyus's claims did not survive her death, and Mississippi courts have defined a "personal action" as including actions "for the recovery of damages for the commission of an injury to the person or property."  Powell v. Buchanan, 147 So. 2d 110, 111 (Miss. 1962) (quoting 1 C.J.S. Actions § 1).  We therefore agree with the district court's implicit finding that Dorothy Tyus's claims survived her death.

upon persons not parties in the manner provided in Rule 4 for the service of a summons."  Fed. R. Civ. P. 25(a)(1).

Ruthie Tyus contends that the suggestion of death that RCG filed in the district court on May 5, 1997 was inadequate to begin the ninety-day period for a motion to substitute because "the appropriate representative of the estate" was not served a suggestion of death under Rule 4.  Rather, RCG only served the suggestion on the attorney of record, Rhonda Hayes-Ellis, who represented Sims Tyus and had represented Dorothy Tyus.  Because the representative of the estate was not personally served under Rule 4, Ruthie Tyus argues, Dorothy Tyus's claims should be remanded for a trial on the merits.

The flaw in Ruthie Tyus's argument, however, is her admission that Sims Tyus was the sole heir and successor of the claims brought by Dorothy Tyus.  Rule 25(a)(1) requires only that "persons not parties" be personally served the suggestion of death as provided in Rule 4; the suggestion shall be served on parties "as provided in Rule 5."  Id.  Rule 5 requires that when service is required upon a party represented by an attorney, "the service shall be made upon the attorney unless service upon the party is ordered by the court." Fed. R. Civ. P. 5(b).  Sims Tyus was clearly a party in this action, and therefore service of the suggestion upon his attorney was proper under Rule 25 and triggered the ninety-day period within which to file a motion to substitute.  Ruthie Tyus's claim that RCG was required to serve Sims Tyus personally is in direct conflict with the clear

5

language of the Federal Rules, and we therefore affirm the dismissal of Dorothy Tyus's claims.

### B. Malicious Prosecution

Under Mississippi law, Ruthie Tyus must prove each of the following elements to prevail on a malicious prosecution claim:

> (1) the institution or continuation of original judicial proceedings, either criminal or civil;
> (2) by, or at the insistence of RCG;
> (3) the termination of such proceedings in Sims Tyus's favor;
> (4) malice in instituting the proceedings;
> (5) want of probable cause for the proceedings;
> (6) the suffering of damages as a result of the action or prosecution complained of.

See Moon v. Condere Corp., 690 So. 2d 1191, 1194 (Miss. 1997); Pugh v. Easterling, 367 So. 2d 935, 937 (Miss. 1979).

Ruthie Tyus argues that Sims Tyus's trespass conviction is not fatal to her malicious prosecution claim because the conviction was "procured through false testimony and without foundation of the law."  In support of this argument, Ruthie Tyus cites an article in American Jurisprudence stating that convictions are generally fatal to malicious prosecution claims "in the absence of a direct and successful attack thereon based on extrinsic fraud in its procurement, such as . . . fraudulent or perjured testimony."   52 Am. Jur. 2d Malicious Prosecution § 179 (1970) (footnotes omitted).

While the American Jurisprudence article may accurately reflect the law in some jurisdictions, it is clearly not the law in Mississippi.  In Mississippi, "a conviction is conclusive evidence of probable cause for instituting a criminal

6

prosecution, and a plaintiff, in a suit for malicious prosecution based on a criminal prosecution, must show that the criminal proceeding terminated in his favor as a condition precedent to recovery." Pugh, 367 So. 2d at 938. This is because "[i]f a defendant is convicted on evidence obtained by fraud, perjury, or other corrupt means, adequate post conviction remedies exist whereby the conviction may be corrected." Ruthie Tyus concedes that Sims Tyus's criminal proceeding did not terminate in his favor, and therefore the district court properly granted RCG summary judgment on Ruthie Tyus's malicious prosecution claim.

## C. Abuse of Process

Ruthie Tyus must demonstrate the following elements to prevail on her abuse of process claim: (1) that RCG made an illegal and improper perverted use of the process, a use neither warranted nor authorized by the process; (2) that RCG had an ulterior motive or purpose; and (3) that damage resulted to the plaintiff from the abuse. See Moon, 690 So. 2d at 1197. Abuse of process differs from malicious prosecution because malicious prosecution "is the employment of process for its ostensible purpose, but without reasonable or probable cause, whereas the malicious abuse of process is the employment of a process . . . to obtain an object which such a process is not intended by law to effect." Mississippi ex rel. Foster v. Turner, 319 So. 2d 233, 236 (Miss. 1975).

Ruthie Tyus argues that RCG secured the arrest of Sims Tyus in retaliation for Dorothy and Sims Tyus's filing suit against

RCG, and that RCG attempted to punish them for exercising their rights. RCG claims it secured the arrest of Sims Tyus because of his unruly behavior and his failure to heed its warning in its August 22, 1996 letter not to enter its property. In the context of the legitimate purposes RCG expresses and of the circumstances surrounding Sims Tyus's arrest, Ruthie Tyus has "a difficult burden" to prove that RCG's primary purpose was something other than that contemplated by the statute prohibiting trespass. Wilcon, Inc. v. Travelers Indem. Co., 654 F.2d 976, 986 (5th Cir. Unit A Aug. 1981). Our examination of the record convinces us that Ruthie Tyus has not met this burden.

RCG initially requested that Sims Tyus curtail his activities on RCG properties in May 1996, three months before he and his wife filed this suit. RCG wrote its August 22, 1996 letter warning Sims Tyus not to enter RCG property on the same day that Sims Tyus's attorney mailed RCG the summons and complaint. RCG did not receive the summons and complaint until August 26, 1996, and there is no evidence that RCG knew of the lawsuit prior to August 26, 1996. RCG thus could not have issued its warning to Sims Tyus in retaliation for the lawsuit, and Ruthie Tyus points to no evidence except the conclusory allegations of Dorothy and Sims Tyus that RCG had Sims Tyus arrested for any reason other than the unruly behavior of which it complained in its May and August 1996 letters. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) ("[C]onclusory allegations, speculation, and

8

unsubstantiated assertions are inadequate to satisfy the nonmovant's burden.").  We therefore agree with the district court that Ruthie Tyus fails to raise a genuine issue as to the primary purpose of RCG's use of process and we affirm its grant of summary judgment on this issue.

## D. Intentional Infliction of Emotional Distress

The standard of recovery for intentional infliction of emotional distress "requires conduct 'so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  Morrison v. Means, 680 So. 2d 803, 805-06 (Miss. 1996) (quoting Restatement (Second) of Torts § 46).  "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice.'"  Wong v. Stripling, 700 So. 2d 296, 306 (Miss. 1997) (quoting Restatement (Second) of Torts § 46 cmt. d).  Rather, extreme and outrageous conduct is conduct "which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim 'Outrageous.'"  Id.; see Jenkins v. City of Grenada, 813 F. Supp. 443, 447 (N.D. Miss. 1993) (citing Wilson v. Monarch Paper Co., 939 F.2d 1138, 1143 (5th Cir. 1991).

Ruthie Tyus argues that RCG's decision to prohibit Sims Tyus from entering the dialysis facility, and to have him arrested for ulterior motives, evokes outrage or revulsion.  After reviewing

9

the record, however, we disagree. Sims Tyus learned in May 1996 and again one week before he was arrested that his access to RCG's facility would be restricted because of his unruly behavior. Although his presence undoubtedly increased his wife's comfort, there is no evidence that Dorothy Tyus was mistreated when RCG staff assisted her into the RCG facility. Even after receiving the August 22, 1996 letter and a verbal warning not to enter RCG property, Sims Tyus asked RCG's security guard to call the police, entered RCG property in their presence, and was arrested. As unfortunate as Dorothy and Sims Tyus' situation may have been, it does not demonstrate outrageousness and does not go beyond all bounds of decency. We therefore affirm the district court's grant of summary judgment on Ruthie Tyus's intentional infliction of emotional distress claim.

## III. CONCLUSION

For the foregoing reasons, we find that the district court correctly granted summary judgment in favor of defendant-appellee. The judgment is AFFIRMED.