Dorothy S. ANDREWS, Plaintiff,

v.

HOTEL REED NURSING HOME, et al., Defendants.

No. Civ.A. 00–0892–P–C.

United States District Court, S.D. Alabama, Southern Division.

April 11, 2001.

Dorothy S. Andrews, Peterman, AL, pro se.

## ORDER AMENDING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

PITTMAN, Senior District Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(A), and dated March 8, 2001 (doc. 6), is due to be adopted as the opinion of this court. The Magistrate Judge recommends that plaintiff's action be dismissed without prejudice for lack of subject matter jurisdiction.

This court notes that the Magistrate Judge afforded *pro se* plaintiff Dorothy S. Andrews the opportunity to amend her complaint to establish federal subject matter jurisdiction (*see* doc. 3). Plaintiff

amended her complaint but alleged only "the violation of plaintiff's rights" (doc. 4, p. 2, ¶ 1). The Magistrate Judge then issued a Report and Recommendation which clearly set out what plaintiff lacked in order to establish federal subject matter jurisdiction, i.e., federal question, and diversity jurisdiction, 28 U.S.C. §§ 1331–32.

Armed with this information, on March 23, 2001, plaintiff filed her Statement of Objection to the Magistrate Judge's Report and Recommendation (doc. 8). Plaintiff now contends, via her Objection, that this action "arises not only due to the violation of plaintiff['s] rights,"[1] but also under "Tort Law." *Id.*, p. 2. Plaintiff alleges various tortious acts and omissions on the part of defendants against, and on behalf of her father Mr. Stallworth, deceased. Plaintiff contends that defendants Hotel Reed Nursing Home and the Veterans Administration are guilty of negligence "due to careless acts," including the amputation of her father's legs, "[i]nfliction of [m]ental [d]istress" resulting from "the brutal beatings my father received," "[b]reach of [d]uty of care, & [b]reach of [d]uty ... because they failed to comply with the duty of exercising reasonable care to my father ... assault, apprehension, battery the slappings (sic), the beating with wet towels." *Id.*

On her own behalf, plaintiff alleges "negligence" for failure to notify her of her father's death and the location of his grave, and "[a]nguish" in that she "can no longer live a wholesome life, counseling did not help, psych ... evaluation did not help, low self-esteem, emotional anguish, nervous breakdown, [a]fter loosing (sic) father ... she is suicidal [with] [n]o reason to live." *Id.*, p. 3.

Plaintiff contends that the parties to this controversy are diverse as defendants are located in Bay St. Louis, Mississippi, and she is an Alabama citizen residing in Monroeville, Alabama; and the relief requested, the "money exceeds 75,000." *Id.*, p. 5. Plaintiff asserts that she is seeking

> compensatory damages or otherwise for her pecuniary loss Plaintiff can no longer teach and counsel due to nervous breakdown loss of pay and benefits, emotional, pain and suffering, inconvenience mental anguish nervous breakdown one behind the other, loss of enjoyment of life suffering from heart failure an Echocardiogram was performed at the Monroe Co. Hospital Monroeville, Al and the Echocardiogram Report & result was awful. This Echocardiogram was performed 3/22/02 costs & expenses of prosecuting this action, including an excellent award of attorney fee & interest Award. Plaintiff monies in the form of punitive and/or liquidated damages against Defendant(s) each ... plaintiff demands Judgment against defendants for ... the sum 300,000.

*Id.*, p. 5–6.

On March 8, 2001, the Magistrate Judge granted plaintiff in forma pauperis status under 28 U.S.C. § 1915(a)(1) (doc. 7). Because plaintiff is proceeding under § 1915(a)(1), her complaint is subject to § 1915(e), which provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines that— ... the action ... fails to state a claim on which relief may be granted ..." § 1915(e)(2)(b)(ii); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Cofield v. Ala. Public Service Comm.,* 936 F.2d 512 (11th Cir. 1991); *Mitchell v. Philip Morris, Inc.,* 2000 WL 1848085, at *3 (S.D.Ala. (Nov. 17, 2000)).

---

1. Again, plaintiff fails to articulate any particular "right" or to state any statutory basis upon which to base her contention.

Section 1915 ... is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Neitzke,* at 327, 109 S.Ct. 1827.

Initially, this court notes that plaintiff's filings raise the question of standing. Plaintiff contends that she has "the power of attorney to handle all [her] father's legal affairs." (doc. 4.P.5, ¶ 4).

The "standing" requirement ensures that the party before the court has "a concrete interest in the outcome of the proceeding ..." *Harris v. Evans,* 20 F.3d 1118, 1121 (11th Cir.), *cert. denied,* 513 U.S. 1045, 115 S.Ct. 641, 130 L.Ed.2d 546 (1994). "Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based; and this obligation on the court to examine its own jurisdiction continues at each stage of the proceedings." *Cuban American Bar Association, Inc. v. Christopher,* 43 F.3d 1412, 1422 (11th Cir.1995), *cert. denied,* 516 U.S. 913, 116 S.Ct. 299, 133 L.Ed.2d 205 (1995).

To meet the irreducible minimum constitutional requirements, the plaintiff must show "(1) that [s]he has suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling."

*Id.,* at 1423 (*quoting Harris,* 20 F.3d at 1121). Beyond the constitutional requirements, there are also "prudential" requirements to be considered:

(1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provision at issue; (2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately resolved by the legislative branches; and (3) whether the plaintiff is asserting ... her own legal rights and interests rather than the legal rights and interests of third parties.

*Harris,* at 1121.

▮▮▮ Herein, for the most part, plaintiff is alleging claims on behalf of her father. Plaintiff does not assert that she was her father's legal guardian or the authorized administratrix of his estate. *See Callens v. Jefferson County Nursing Home,* 769 So.2d 273, 276 (Ala.2000). Plaintiff has no "standing" to bring claims on behalf of her father.[2]

---

**2.** Further, plaintiff does not assert that she is a licensed attorney. By representing her father in this action, plaintiff is engaged in the unlawful practice of law, an activity which constitutes a misdemeanor. *Ala. Code* § 34–3–7; *see Porter v. Dun & Bradstreet, Inc.* 352 F.Supp. 1226 (N.D.Ala.1972), *aff'd,* 472 F.2d 1049 (5th Cir.1973) (Anyone engaged in the unauthorized practice of law "is guilty of a misdemeanor ...''). Although the law allows plaintiff to file complaints *pro se,* it does not allow her to file a complaint on behalf of anyone else. *Godwin v. State ex rel. Charles N. McKnight,* 2000 WL 869594, *1 (Ala.2000).

Alabama law provides that

Only such persons as are regularly licensed have authority to practice law.... Whoever,

(1) In a representative capacity appears as an advocate or draws papers, pleadings or documents, or performs any act in connections with proceedings pending

■ Plaintiff, on her own behalf, brings claims of negligence and mental anguish for which she seeks damages. It is this court's obligation to inquire into subject matter jurisdiction whenever it may be lacking. *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1468 (11th Cir.1997), *cert. denied,* 525 U.S. 841, 119 S.Ct. 105, 142 L.Ed.2d 84 (1998). The requirements of diversity jurisdiction mandate that the parties be diverse and that the amount in controversy exceed the sum or value of $75,000.00. § 1332; *Taylor v. Appleton,* 30 F.3d 1365, 1366 (11th Cir. 1994); *Mitchell,* 2000 WL 1848085, at *2. A federal court's jurisdiction must be established by a plaintiff in the complaint by stating the basis of the court's jurisdiction and by pleading facts that demonstrate the existence of jurisdiction. *Taylor,* 30 F.3d at 1367; *Meadows v. Seafarers Int'l Union,* 2000 WL 1848465 (S.D.Ala.(Nov.20, 2000)).

■ The tort of outrage, of which plaintiff's claims construed in their broadest sense can be more likened to,[3] has been recognized in Alabama in three areas, including, pertinent hereto, wrongful conduct within the context of family burials and the remains of the dead. *See Callens,* 769 So.2d at 281. However, in order to prevail on such a claim, plaintiff

> must prove (1) that the defendants either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from their conduct; (2) that the defendants' conduct was extreme and outrageous; and (3) that the defendants' conduct caused emotional distress so severe that no reasonable person could be expected to endure it.

*Id.,* at 281, *cf., Tyus v. Kidney Care, Inc.,* 982 F.Supp. 422, 425 (N.D.Miss.(Oct.9, 1997)), *aff'd, sub. nom., Tyus v. RCG Mississippi, Inc.,* 168 F.3d 485 (5th Cir.1999) (Table) ("One who by *extreme and outrageous conduct* intentionally and recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm ...") (emphasis in original).

■ Plaintiff feels that she has been harmed in some way, however, plaintiff was advised of the requisites necessary to state federal jurisdiction and has been afforded an opportunity to establish a federal jurisdictional basis for her complaint. This court is satisfied that it lacks federal jurisdiction to entertain plaintiff's allegations.

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge as AMENDED *in re* dismissal without prejudice for lack of standing on all claims asserted on behalf of her father and with reference to common law claims of outrage. All other matters the Magistrate Judge's Report and Recommendation addressed are hereby ADOPTED as the opinion of this court.

---

or prospective before a court ... is practicing law.
*Ala. Code* § 34–3–6(a)(b). The purpose of § 34–3–6, is to ensure that laymen do not serve others in a representative capacity in areas that require the skill and judgment of a licensed attorney. *Godwin,* at *1.

**3.** It has long be held that *pro se* complaints must be broadly construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

It is ORDERED that all plaintiff's claims be and are hereby DISMISSED without prejudice.

## REPORT AND RECOMMENDATION

CASSADY, United States Magistrate Judge.

Plaintiff, who is proceeding *pro se,* filed a handwritten complaint commencing this action (Doc. 1) together with a Motion to Proceed Without Prepayment of Fees (Doc. 2). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1). It is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction.

### I.  *Nature of Proceedings.*

The complaint that is before the Court is a superseding Court-ordered amended complaint (Doc. 4). The Court reviewed Plaintiff's original complaint (Doc. 1) and found that it did not state the basis of the Court's jurisdiction over her action and facts to support the Court's jurisdiction (Doc. 3). The Court also found that original complaint had other pleading problems, such as failure to identify clearly the capacity in which she was suing the Defendants and what she wants the Court to do for her (Doc. 3). Plaintiff was ordered to correct these deficiencies in an amended complaint which would supersede her original complaint (Doc. 3).

In the amended complaint, Plaintiff's jurisdictional statement is: "This action arises due to the violation of Plaintiff [sic] rights." (Doc. 4, at 2) To support this jurisdictional basis, Plaintiff alleges that following. Plaintiff identified as Defendants Hotel Reed Nursing Home, J.T. Hall Funeral Home, and the Department of Veterans Affairs ("VA"). Plaintiff alleges that Defendant Hotel Reed Nursing Home was negligent when her father's legs were amputated without gaining her permission, when they did not notify her of her father's death, and when they released her father's body to Defendant J.T. Hall Funeral Home without contacting her. For her pain and sorrow, Plaintiff seeks "monetary funds of . . . compensatory damages. or otherwise, for pecuniary loss, emotional pain suffering, mental anguish . . . [sic]." (ellipses in original)

Next, Plaintiff alleges that she had her father's power of attorney for his legal affairs and that she signed the medical papers to place her father in the VA Hospital. Plaintiff states that she holds Defendant VA liable for recommending that her father be placed in the poorest allied health facility that she ever witnessed and that the VA and the nursing home are liable for amputating her father's legs. Plaintiff asserts that she has sought counseling because her nerves and self-esteem are gone and that she has lost twenty pounds because she can no longer sleep or eat, and has nightmares. Plaintiff states that she only has memories and no money. For relief, Plaintiff requests "compensatory damages or otherwise for her pecuniary loss, loss of pay and benefits, emotional, pain and suffering, inconvenience mental anguish nervous break down, loss of enjoyment of life and costs and expenses of prosecuting this action, including an award of reasonable attorney's fee/ court fee and interest[.][A]ward the Plaintiff monies in the form of punitive and/or liquidated damages against the Defendant(s) [sic]."

### II.  *Discussion.*

■ A federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). That is, a federal court is authorized to entertain only certain actions which the Constitution or Congress has authorized it to

hear. *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, . . ., and the burden of establishing the contrary rests upon the party asserting jurisdiction, . . . ." *Id.* (citations omitted).

▆▆▆▆ Because a court is powerless to act beyond its grant of subject matter jurisdiction, a court is obligated to raise whether it has subject matter jurisdiction at any time during the litigation. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir.2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir.1999)).

Plaintiff's statement that her "rights" (Doc. 4, at 2) have been violated is inadequate to invoke this Court's jurisdiction. For this deficiency alone, Plaintiff's action is due to be dismissed for lack of jurisdiction.

Even though the Court is required to liberally construe a *pro se* litigant's pleadings, the Court does not have "license to serve as *de facto* counsel for a party . . ., or to re-write an otherwise deficient pleading in order . to sustain an action. . . ." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998). Notwithstanding, the undersigned will review Plaintiff's complaint to determine if her complaint arises from the two most common sources of this Court's subject matter jurisdiction even though Plaintiff did not plead them.

Because Plaintiff mentioned only that her "rights" were violated with no other specific information being provided, the Court can only speculate as to which basis of the Court's jurisdiction would be analogous to this statement. The most analogous basis of jurisdiction to Plaintiff's statement is the Court's federal question jurisdiction which addresses violations of rights under the Constitution or federal law.

Under 28 U.S.C. § 1331, Congress has granted a federal district court the authority to hear cases that present federal questions. Section 1331 provides that a federal district court has jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). "If jurisdiction is based on the existence of a federal question, the jurisdictional allegation should state that the action arises under a particular statute or provision of the Constitution and the body of the complaint must state facts showing that the case does in fact arise under federal law." *Kirkland Masonry, Inc. v. Comm'r Internal Revenue Serv.*, 614 F.2d 532, 533 (5th Cir.1980) [1] (citing Wright, Federal Courts p. 327 (2d ed.1970)); *see Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994); Fed.R.Civ.P. 8(a).

▆▆▆▆ In the amended complaint (Doc. 4), Plaintiff identifies no federal statute or constitutional provision that has been violated. Accordingly, the undersigned finds that this Court lacks federal question jurisdiction over Plaintiff's action.

---

**1.** The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

The other main source of federal subject matter jurisdiction is diversity of citizenship jurisdiction. 28 U.S.C. § 1332. Section 1332 provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States...." 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Alabama, and Defendants are identified by Plaintiff has being located in Mississippi. However, Plaintiff has not specified a certain amount of damages that she seeks to recover.

Plaintiff's failure to allege damages in the amount of at least $75,000 precludes this Court from exercising its diversity of citizenship jurisdiction over this action. Furthermore, a court "is obligated to assure itself that the case involves the requisite amount in controversy." *Morrison,* 228 F.3d at 1261. Examining Plaintiff's allegations, the Court finds that Plaintiff's claims would not support a damages recovery of $75,000 in order to satisfy the jurisdictional threshold. Thus, Plaintiff is not able to avail herself of diversity of citizenship jurisdiction.

### III. *Conclusion.*

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction.

The attached sheet contains important information regarding objections to the Report and Recommendation.

March 8, 2001.