United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-60062
Summary Calendar

_____

DAVID FITZGERALD; JAN FITZGERALD,

Plaintiffs-Appellants,

versus

LIBERTY SAFE AND SECURITY PRODUCTS, INC.; ET AL.,

Defendants,

LIBERTY SAFE AND SECURITY PRODUCTS, INC.; DAVID ROWE,
individually and/or as employee of Southland Security,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CV-469-D

_____

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On August 24, 1996, David Fitzgerald traveled to a gun show in Jackson, Mississippi and purchased a safe manufactured by Liberty Safe and Security Products ("Liberty"). Defendant David Rowe was the salesperson who made the sale. At the time, Rowe was employed by Southland Security ("Southland"). Fitzgerald took the safe home

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and used it to store a variety of personal items, including guns, family photos and cash. Over four years later, on January 19, 2001, the Fitzgeralds' home was destroyed by a fire of unknown origin. The fire also destroyed all the items contained in the safe. David Fitzgerald and his wife, Jan, subsequently filed this lawsuit in Mississippi state court against Liberty, Southland and Rowe alleging various state law claims including products liability, fraud, negligence and intentional infliction of emotional distress. The defendants removed the case to federal court and, after a period of discovery, moved for summary judgment on all of the claims. The district court granted this motion in all respects. Fitzgerald now appeals.

We review the district court's grant of summary judgment *de novo*. Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001). Summary judgment is appropriate only when the record indicates "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. "Questions of fact are reviewed in the light most favorable to the nonmovant and questions of law are reviewed de novo." Mowbray, 274 F.3d at 278-79. After reviewing this case subject to this standard, we find the district court properly granted summary judgment on all claims.

On the products liability claim, the district court found that Fitzgerald had failed to produce any evidence that a defective

2

condition was the proximate cause of the alleged injury to his property. The district court noted that the Fitzgeralds' own expert testified in his deposition that it was the intense heat from the fire, not any defect in the safe, that proximately caused the plaintiffs' damages. Pointing out that proximate causation is a necessary element in a products liability action under Mississippi state law, MISS. CODE ANN. § 11-1-63 (Rev. 2002), the district court dismissed the claim. We find nothing in the record to overturn this decision. Significantly, Fitzgerald himself makes no attempt to overcome the uncontroverted testimony of his own witness that there was no defect in the safe, let alone one that proximately caused the injury to his property. Accordingly, we find the district court properly granted summary judgment on the products liability claim.

The district court dismissed the negligence action for nearly identical reasons. To prove negligence under Mississippi state law, a plaintiff must show, *inter alia*, a "close causal connection between the [alleged negligent] conduct and the resulting injury." Carpenter v. Nobile, 620 So.2d 961, 964 (Miss. 1993). As we noted previously, the plaintiffs' own expert stated in his deposition that the safe did not malfunction in any way; rather, the contents were destroyed because the heat from the fire was more intense than the safe was designed to bear. There being no other evidence that any alleged negligence proximately caused the injury to the

3

Fitzgeralds' property, we find that the negligence claim against the defendant was properly dismissed.

In dismissing the fraud claim, the district court relied on the repeated admissions by Fitzgerald himself that he "didn't buy [the safe] for fire protection" but "bought it for burglary protection." The district court noted that proving fraud under Mississippi law requires, *inter alia*, reliance on a misrepresentation. See, e.g., Bank of Shaw v. Posey, 573 So.2d 1355, 1362 (Miss. 1990). Because the plaintiff, by his own admission, did not purchase the safe to protect himself from fire, he cannot now claim to have acted in reliance on any alleged misrepresentations as to the fire protective capabilities of the safe. We agree with the district court that this fact entitles the defendants to judgment as a matter of law on the fraud claim.

Finally, the district court dismissed the intentional infliction of emotional distress claim after finding that, once again by Fitzgerald's own admission, he had no evidence that any of the defendants intended to cause him emotional distress. Under Mississippi law, a plaintiff must show intent to cause emotional distress to prevail on an intentional infliction of emotional distress claim. See, e.g., Tyus v. Kidney Care, Inc., 982 F.Supp. 422, 425 (N.D.Miss. 1997) Almost frivolously, the plaintiffs argue that Fitzgerald's admission should be disregarded because the deposition containing the admission was "taken prior to

4

[Fitzgerald's] consultation with an expert that was able to explain to [him] that [a Liberty sales brochure] contained serious misrepresentations that in all likelihood were created intentionally." Unfortunately for Fitzgerald, the inability of an attorney to tell a client what he should think is not a recognized objection to valid deposition testimony in this circuit. In any event, even assuming the defendants were guilty of intentional conduct, Fitzgerald has offered no testimony that this conduct was in any way "extreme or outrageous" – a showing also required to prevail on this claim under Mississippi state law. See, e.g., Langston v. Bigelow, 820 So.2d 752, 757 (Miss. Ct. App. 2002). Thus, we find that district court properly dismissed the claim of intentional infliction of emotional distress.

Having found that the district court properly granted summary judgment in favor of the defendants on all claims, we accordingly AFFIRM the judgment of the district court.

AFFIRMED.