[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 13, 2008
THOMAS K. KAHN
CLERK

Nos. 06-15401 & 07-11401
Non-Argument Calendar

_____

D. C. Docket No. 06-00899-CV-UWC-2-S

VERA L. BEAVERS,
personal representative for The Estate of
Charles A. Abernathy, deceased,
DOUGLAS AKINS,
CLEBURN E. ADERHOLT,
CLARICE W. ANDERSON,
spouse and personal representative for the Estate
of Henry L. Anderson, deceased,
DONALD F. ARMSTRONG,
ERNEST W. AUSTIN,
JERRY WAYNE BARFIELD,
ROBERT H. BARKER,
RUTH L. ALLEN,
daughter and personal representative for
Jerry Allen Barronton, deceased,
SHIRLEY DARLENE BARROW,
personal representative for the Estate of
Carl A. Barrow, deceased,
ETHAL BATES,
spouse and personal representative for the Estate
of John H. Bates, Jr., deceased,
DEBRA BAYLIS,
spouse and personal representative for the Estate
of
John Baylis, deceased,

ROBERT L. BECKWITH,
JOHN W. BLACKERBY,
personal representative for the Estate of
Ernest Leon Blackerby, deceased,
PATRICK BORDEN,
personal representative for the Estate of
David C. Borden, deceased,
SIDNEY R. BOUTWELL, SR.,
spouse and personal representative for the Estate of
Bonnie Boutwell, deceased,
JAMES E. BOWLING,
IRENE BROWN,
spouse and personal representative for the Estate of
James Edward Brown, deceased,
EVELYN BROWN,
personal representative for the Estate of
Richard Allen Brown, deceased,
JAMES P. BURNETT,
JAMES J. BYRD,
GAYLE BYROM,
spouse and personal representative for the Estate of
Jerry L. Byrom, deceased,
CAROLYN SUE CHAPMAN,
personal representative for the Estate of
Allen M. Chapman, deceased,
CATHY SHERK,
personal representative for the Estate of
Lester Knox Coleman, deceased,
JAMES CATON,
GEORGIE L. CORSBIE,
LEON H. COSBY,
VERNON C. CREASY,
JAMES E. DANLEY,
LOUISE S. DAVIS,
personal representative for the Estate of

Bobby R. Davis, deceased,
MARSHALL DEASE,
LLOYD H. DEVAUGHN,
REBECCA ANN ELLIOTT,
spouse and personal representative for the Estate
of
James Weldon Elliott, deceased,
CHARLES E. EMMONS,
JOANN EVANS,
personal representative for the Estate of
Robert Evans, deceased,
LUCILLE W. EVERS,
WILLIAM FARSHEE,
MATTIE L. FEAGIN,
personal representative for the Estate of
Ray Feagin, deceased,
FLORA MAE FEAGINS,
personal representative for the Estate of
Roosevelt Feagins, deceased,
MARVIN D. GHRIGSBY,
A. C. GOSS,
DEBRA J. GRIFFIN,
personal representative for the Estate of
William R. Griffin, deceased,
PHILLIP HALLMARK,
personal representative for the Estate of
Chester Hallmark, deceased,
MARLYN HARRIS,
spouse and personal representative for the Estate
of
Frank Harris, deceased,
MELBA MALLORY,
personal representative for the Estate of
Rena Houston, deceased,
PATRICIA HOWELL,
spouse and personal representative for the Estate
of
Ray Nance Howell, Jr., deceased,

3

FAYTHE HUGHES,
spouse and personal representative for the Estate of
Thomas D. Hughes, deceased,
VERDIE MAY JAMES,
spouse and personal representative for the Estate of
Clarence O. James, deceased,
EVETTE JIMMERSON,
daughter and personal representative for the Estate of
Lee R. Jimmerson, deceased,
JOYCE ANN JOHNSON,
spouse and personal representative for the Estate of
Ansel Lee Johnson, deceased,
DAVID H. JOHNSON,
BILLY F. JONES,
CASEY T. JONES,
THELMA JANE KRUEGER,
spouse and personal representative for the Estate of
Robert S. Krueger, deceased,
DAVID LANE,
BOBBY LAW,
personal representative for the Estate of
Chester Law, deceased,
GLENNES B. LEMLEY,
JAMES LEWIS MALONE,
WANDA MANGUM,
spouse and personal representative for the Estate of
Barney Mayo Mangum, deceased,
BOBBY JOE MCDOWELL,
BILL MOORE,
WILLIAM C. MORGAN,
MARY MORRISON,
spouse and personal representative for the Estate

4

of
James D. Morrison,
ELLIS MORICLE,
CAROLYN SUE MOTE,
spouse and personal representative for the Estate
of
Morris R. Mote,
JOE NORMAN,
TONY CURTIS HUNTER,
personal representative for the Estate of
Percy L. Norwood, deceased,
JAMES OGLE,
SANDRA OWENS,
daughter and personal representative for the
Estate of
Raymond Owens, deceased,
JAMES ROBERT PALMER,
EDDIE PITTS,
NELDA D. LECROY,
daughter and personal representative for the
Estate of
Harold Poland, deceased,
GERALDINE RATLIFF,
spouse and personal representative for the Estate
of
Max Ratliff, deceased,
HERMAN REA,
LEOPOLDO RENDON,
ARNOLD L. RICHEY,
NORMA ROBINSON,
spouse and personal representative for the Estate
of
Edward H. Robinson, deceased,
AZALEAN ROGERS,
spouse and personal representative for the Estate
of
Thomas L. Rogers, deceased,
DENNIS RYE,

EULA SCORVER,
spouse and personal representative for the Estate
of
Henry Scorver, deceased,
BILLY O. SEAL,
BEVERLY SHELBY,
daughter and personal representative for the
Estate of
Eula D. Shelby, deceased,
JOE R. SMITH,
PEGGY WALKER,
daughter and personal representative for the
Estate of
James R. Steelman, deceased,
CHARLES D. STEVENS,
MARVIN STRINGER,
MAMIE M. STONE,
spouse and personal representative for the Estate
of
Fred Stone, deceased,
WOODROW WILSON THOMAS,
FAY D. THRASHER,
DONNA SWEET,
spouse and personal representative for the Estate
of
Phillip Austin Sweet, deceased,
CHARLETTE TURNER,
spouse and personal representative for the Estate
of
James E. Turner, deceased,
JACK W. TYRBYFILL,
SUSIE WEBB,
spouse and personal representative for the Estate
of
Gean Charles Webb, deceased,
ELVA WILLMMARTH,
spouse and personal representative for the Estate
of

6

Oliver Howard Willmarth, deceased,
LYNN W. WILSON,
BARBARA COLLINS,
Executrix for the Estate of Larry B. Wolfe,
MICHEAL E. WOOD,
ALAN WOODS,

Plaintiffs-Appellants,

versus

A. O. SMITH ELECTRICAL PRODUCTS COMPANY,
a division of A.O. Smith Corporation,
A. O. SMITH CORPORATION,
A. W. CHESTERTON COMPANY,
ALBANY INTERNATIONAL,
AMERICAN OPTICAL CORPORATION,
CROWN CORK & SEAL COMPANY,INC.
CROWN HOLDINGS,INC.,
KELLY-MOORE PAINT COMPANY,
BORG WARNER CORP. by and through its successor in
interest,
BORGWARNER MORSE TEC Inc.,
EXTECO,INC. f/k/a THERMO ELECTRIC CO., INC.,
MARLEY-WYLAIN CO. d/b/a WEIL-MCLAIN CO., INC.,
HONEYWELL INC.,
JOHN CRANE INC. et.al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____
**(February 13, 2008)**

7

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

In this case, which is not a class action, the plaintiffs, nearly 100 individuals, appeal the district court's dismissal of their complaint for lack of subject matter jurisdiction, as well as the court's denial of their subsequent Rule 60(b) motion for relief from judgment. The complaint, which sought damages for personal injury and wrongful death resulting from exposure to asbestos, alleged that the court had diversity jurisdiction under 28 U.S.C. § 1332. However, the district court determined that it lacked subject matter jurisdiction because there was not complete diversity among the parties—specifically, the complaint contained plaintiffs and defendants that were both alleged to be from California and Georgia. Accordingly, on August 31, 2006, the court dismissed the complaint "[f]or want of diversity jurisdiction."

On October 2, 2006, the plaintiffs filed a notice of appeal, challenging the district court's dismissal of their complaint. On that same day, the plaintiffs filed a Rule 60(b) motion for relief from judgment, arguing that the court's impression that there was not complete diversity was the result of mistake under Rule 60(b)(1), they were unfairly surprised by the district court's order under Rule 60(b)(1), and the order was manifestly unjust under Rule 60(b)(6). The plaintiffs also moved to

8

sever each plaintiff's claim and to amend their complaint. On October 25, 2006, the district court struck the plaintiffs' Rule 60(b) motion for relief from judgment because it believed that the pending appeal stripped it of jurisdiction over the motion.

On the next day, the plaintiffs filed a motion for reconsideration, arguing that the district court did have jurisdiction to entertain its earlier Rule 60(b) motion, and that the court should therefore grant them relief from its October 25, 2006, order and consider the merits of their Rule 60(b) motion. The district court held a hearing on the plaintiffs' motion on January 9, 2007, and the next day, January 10, denied their Rule 60(b) motion because it "raised no meritorious arguments entitling relief under Rule 60(b)." The court also re-emphasized that on the face of the complaint the court lacked diversity jurisdiction. Finally, the court stated that the plaintiffs could either file a new action or move to reopen the current case with an attached proposed amended complaint that satisfied the court's jurisdictional requirements.

On January 19, 2007, the plaintiffs filed a motion to reopen the case and to file their proposed amended complaint, which was attached to the motion. The district court denied that motion on February 28, 2007, for want of jurisdiction because the case was still pending on appeal in this Court. On March 12, 2007, the

plaintiffs filed with the district court a motion for an extension of time to appeal the court's January 10, 2007, order denying their Rule 60(b) motion, arguing that they had good cause for their failure to file, because they had believed that the court's order was an invitation to move to re-open the case and was therefore not a final, appealable order. The district court granted the plaintiffs' motion, and the plaintiffs appealed the district court's order denying their Rule 60(b) motion.

The plaintiffs' appeals of the district court's order dismissing their complaint and the court's order denying them Rule 60(b) relief were consolidated. In this consolidated appeal, the plaintiffs first contend that the district court erred by dismissing their complaint for lack of diversity jurisdiction because, according to the plaintiffs, the proper method to cure problems with diversity is to dismiss a dispensable nondiverse party or to allow severance of the claims.[1] The plaintiffs further contend that the district court erred by denying their Rule 60(b) motion for relief from judgment because: (1) the lack of diversity jurisdiction on the face of the complaint was the result of mistake; (2) the court unfairly surprised them by sua sponte dismissing their complaint for lack of jurisdiction; and (3) the court's

---

[1] The plaintiffs also contend that the district court erred by sua sponte dismissing their complaint because the district court's order of dismissal mentioned some of the arguments raised by the defendants in their various motions to dismiss without first allowing the plaintiffs a chance to respond. However, because the district court ultimately dismissed the complaint for lack of jurisdiction, and our review of subject matter jurisdiction is de novo, see Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997), we need not address this argument.

dismissal of their complaint was manifestly unjust.

## I.

The plaintiffs contend that the district court erred by dismissing their complaint for lack of subject matter jurisdiction because, although they admit that their complaint on its face gave the mistaken impression that complete diversity did not exist, they argue that the proper method to cure problems with diversity is to dismiss a dispensable nondiverse party or to allow severance of the plaintiffs' claims. The defendants respond that the district court properly dismissed the plaintiffs' complaint because, in addition to the problems with complete diversity found by the district court and admitted by the plaintiffs, the plaintiffs alleged only the residency, not the citizenship, of the nearly 100 plaintiffs. Moreover, according to the defendants, the plaintiffs also failed to allege that each plaintiff's claims met the amount in controversy requirement.

We review de novo the district court's conclusion that it lacked subject matter jurisdiction. Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997); see also Williams v. Best Buy Co., 269 F.3d 1316, 1318 (11th Cir. 2001) ("Subject matter jurisdiction is a question of law subject to de novo review."). "[W]e may affirm the district court's judgment 'on any ground that finds support in the record.'" Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363 n.1 (11th Cir.

11

1999) (quoting Jaffke v. Dunham, 352 U.S. 280, 281, 77 S. Ct. 307, 308 (1957)).

In Morrison v. Allstate Indemnity Co., 228 F.3d 1255 (11th Cir. 2000), a case premised on diversity jurisdiction, we said:

> Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases. While Article III of the Constitution sets the outer boundaries of that power, it also vests Congress with the discretion to determine whether, and to what extent, that power may be exercised by lower federal courts. Consequently, lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.

Id. at 1260–61 (citations omitted). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Morrison, 228 F.3d at 1261.

The plaintiffs allege in their complaint that jurisdiction in the district court over their state-law tort claims is proper based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. The plaintiffs, as the party asserting diversity jurisdiction, have the burden to "affirmatively allege facts demonstrating the existence of jurisdiction." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

12

"Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000."  Williams, 269 F.3d at 1319 (citing 28 U.S.C. § 1332(a)).  Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer v. Hosp. Auth., 22 F.3d 1559,1564 (11th Cir. 1994).  "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."  Taylor, 30 F.3d at 1367.  Moreover, where multiple plaintiffs allege claims in the same complaint, the complaint must allege that the claims of each individual plaintiff meet the amount in controversy requirement.  See Smith v. GTE Corp., 236 F.3d 1293, 1300 n.6 (11th Cir. 2001) ("Generally, when plaintiffs join in one lawsuit, the value of their claims may not be added together, or 'aggregated,' to satisfy the amount in controversy requirement for diversity jurisdiction."); see also Troy Bank v. G.A. Whitehead & Co., 222 U.S. 39, 40–41, 32 S. Ct. 9, 9 (1911) ("When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount . . . .").

The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship.  Because the plaintiffs have the burden to

13

"affirmatively allege facts demonstrating the existence of jurisdiction," Taylor, 30 F.3d at 1367, and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint. See id. Moreover, the plaintiffs' complaint does not allege that the claims of each individual plaintiff exceeded the $75,000 threshold, but instead states generally that "[t]he matter in controversy exceeds, exclusive of interest and costs, the sum of $75.000.00." The plaintiffs' claims arise out of their separate exposures to asbestos at different locations over different time periods, and therefore the plaintiffs were required to allege that each individual plaintiff's claims met the amount in controversy requirement. See Smith, 236 F.3d at 1300 n.6; see also Troy Bank, 222 U.S. at 40–41, 32 S. Ct. at 9. Because they failed to do so, the district court also lacked subject matter jurisdiction on this basis.

Neither of these defects in the plaintiffs' complaint could be remedied by the plaintiffs' suggested approach of dismissing nondiverse dispensable parties, and therefore "the court's sole remaining act [was] to dismiss the case for lack of jurisdiction." Morrison, 228 F.3d at 1261. Even though the district court did not address the amount in controversy requirement or the fact that the plaintiffs alleged residence instead of citizenship, we nonetheless affirm the district court's dismissal of the plaintiffs' complaint for lack of subject matter jurisdiction on these grounds.

14

See Gaston, 167 F.3d at 1363 n.1.

## II.

The plaintiffs also contend that the district court erred by denying their Rule 60(b) motion for relief from judgment because: (1) the lack of diversity jurisdiction on the face of the complaint was the result of mistake; (2) the court unfairly surprised the plaintiffs by sua sponte dismissing their complaint for lack of jurisdiction; and (2) the court's dismissal of their complaint was manifestly unjust. We review the district court's denial of the plaintiffs' Rule 60(b) motion only for abuse of discretion. Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999).

Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment, order, or proceeding for several reasons, including "mistake, inadvertence, surprise, or excusable neglect;" or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(1), (6). In order to obtain relief under Rule 60(b), a party "'must prove some justification for relief.' He 'cannot prevail simply because the district court properly could have vacated its order. Instead, appellant must demonstrate a justification so compelling that the court was required to vacate its order.'" Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (citations omitted).

The plaintiffs first argue that the district court abused its discretion by denying them relief under Rule 60(b)(1) because, according to them, their complaint was mistakenly drafted to give the impression that complete diversity did not exist even though it really did. In other words, the plaintiffs argue that Rule 60(b) should provide them relief because of their own error in drafting the document. However, even if a party's own mistake in drafting its complaint were a basis for relief under Rule 60(b)(1), which we seriously doubt, the district court did not abuse its discretion in denying relief on this ground because, as we mentioned above, this "mistaken drafting" was not the only problem with jurisdiction in this case. Even apart from the plaintiffs' asserted drafting mistakes, the court lacked jurisdiction over the case.

The plaintiffs next argue that the district court abused its discretion by denying them relief under Rule 60(b)(1) because the district court's sua sponte dismissal of their complaint was an unfair surprise. This argument is meritless. As we mentioned above, federal courts are courts of limited jurisdiction and have the duty to inquire into whether they have subject-matter jurisdiction. See Johansen, 170 F.3d at 1328 n.4; Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997) ("The Court sua sponte may raise a jurisdiction defect at any time."). And when a court discovers that it lacks jurisdiction, "the court must

16

dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Morrison, 228 F.3d at 1261. The plaintiffs drafted the complaint and were responsible for alleging the proper jurisdictional facts. We will not characterize the district court's correct application of settled law as an unfair surprise.

Finally, the plaintiffs argue that the district court abused its discretion by denying them relief under Rule 60(b)(6) because the district court's sua sponte dismissal of their complaint worked a manifest injustice against them. Specifically, they argue that the district court's dismissal of their complaint without prejudice was in effect a "death penalty sanction" because some plaintiffs may be time-barred from refiling their claims. According to the plaintiffs, it was manifestly unjust for the court to resort to this heavy sanction without notice, hearing, or an opportunity to amend to cure any jurisdictional defects.

"[R]elief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." Griffin v. Swim-Tech Corp. 722, F.2d 677, 680 (11th Cir. 1984) (citations omitted). The plaintiffs have failed to meet this heavy burden. It is not—or should not be, given our precedent in the area of subject matter jurisdiction—"unexpected" that a district court will dismiss a plaintiff's

complaint for lack of jurisdiction when the only possible jurisdictional basis is diversity, and the complaint on its face fails to allege not only the citizenship of each plaintiff, see Taylor, 30 F.3d at 1367, but also that the amount in controversy requirement is met for each plaintiff's claims, see Smith, 236 F.3d at 1300 n.6; see also Troy Bank, 222 U.S. at 40–41, 32 S. Ct. at 9. The district court properly denied the plaintiffs' Rule 60(b) motion for relief.

**AFFIRMED.**