[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12849
Non-Argument Calendar

_____

D.C. Docket No. 03-23017-CV-JEM

VAN S. JENKINS,

Plaintiff-Appellant,

versus

RANDY A. FERNANDEZ, Vice President,
ELAINE FITZGERALD, Public Relations Officer,
NATIONAL REGISTERED AGENTS, INC.,
CORPORATE CREATIONS INTERNATIONAL, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 29, 2005)

Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Van S. Jenkins, a pro se Michigan prisoner, appeals the district court's order sua sponte dismissing his complaint both as frivolous, 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B)(i), and for failing to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).  No reversible error has been shown; we affirm.

Plaintiff's complaint alleged claims against Corporate Creations International, Inc. ("CCI"), a Florida corporation that allegedly provides patent, trademark, and incorporating services; Randy Fernandez, a vice president at CCI; Elaine Fitzgerald, allegedly a public relations officer for a CCI subsidiary; and National Registered Agents, Inc. ("NRA"), a subsidiary of CCI.  Plaintiff's complaint is confusing.  But he seemingly claimed that he provided CCI with an American Express credit card account, from which CCI withdrew $350 for a trademark search on "The Egyptian Caballero Research Enlightenment Association", a "fraternal corporation"  that Plaintiff wished to establish.  Plaintiff supposedly submitted a durable power of attorney to NRA.  Citing the Uniform Commercial Code § 4-402, Plaintiff asserted that "[f]ailure of a payor bank to disburse monetary proceeds may cause a Due Process [sic] of the Federal Trademark and Patent Application process, where [CCI's] licensed Attorney

2

prepares the Federal Trademark/Patent Application."  Plaintiff also suggested that, to set up his fraternal corporation, he needed to receive a patent and trademark so that he could obtain a coat of arms from heraldic authorities in England and Scotland.  Plaintiff then discussed secret societies and freemasonry.

It appears that Plaintiff claimed he did not receive the incorporating services from CCI for which he allegedly paid.  Plaintiff sought injunctive relief because the patent and trademark statutes protected the "secret knowledge" of his fraternal corporation: he wished Defendants restrained from "not executing or enforcing said statutes in so far as it applies to Petitioner, this includes the Contractual Agreement."

We affirm the district court's dismissal of Plaintiff's complaint as frivolous. We review for an abuse of discretion frivolity dismissals under 28 U.S.C. § 1915(e)(2)(b)(i).  See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  "A claim is frivolous if it is without arguable merit either in law or fact."  Id.  "A determination of frivolity is best left to the district court"; we recognize that "district judges remain more familiar with and are more experienced to recognize potentially frivolous claims, . . ."  Id.

We uphold the district court's dismissal of Plaintiff's complaint.  Plaintiff asserts that he paid $350 to CCI for incorporation services he has not received.

3

But he provided no allegation of a contract binding CCI to perform these services for him. And as the district court noted, the CCI invoice with this alleged charge shows a credit card number that does not match the account numbers on Plaintiff's credit report.[1] Plaintiff suggests that banks and financial institutions are at fault for failing to pay for the incorporation services; but this implies that Plaintiff has not yet paid for the services from CCI that he allegedly has not received.

The district court harbored a reasonable doubt of Plaintiff's factual allegations; and a "minimal likelihood [exists] that Plaintiff stated a claim at all." See Bilal, 251 F.3d at 1350. We cannot say that the district court abused its discretion in dismissing Plaintiff's complaint as frivolous.[2]

AFFIRMED.

---

[1] Plaintiff attached the invoice and the credit report to his complaint: the district court properly could consider these documents in dismissing Plaintiff's complaint without converting the proceedings to summary judgment. See Fed.R.Civ.P. 10(c) (stating that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes"); Taylor v. Appelton, 30 F.3d 1365, 1367 n.3 (11th Cir. 1994).

[2] Because we uphold the district court's frivolity determination, we need not address the correctness of the district court's alternate ground for dismissal: that Plaintiff's complaint failed to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii). Also, Plaintiff argues for the first time on appeal that he was deprived of his constitutional rights to assemble and "to have his respective Science, Arts, Writings and Discoveries secured." We do not consider these claims. See Wright v. Hanna Steel Corp., 270 F.3d 1336, 1342 (11th Cir. 2001) (stating that courts of appeal generally do not consider an issue not raised in the district court). And we reject without discussion Plaintiff's arguments that the district court should have held a hearing, should have required Defendants to respond to his discovery requests, and that his due process rights somehow were violated.

4