[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2011
JOHN LEY
CLERK

No. 11-12859
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-03968-WBH

DOROTHEA CORNELIUS,
ALI S. MUHAMMAD,

                                        Plaintiffs - Appellants,

versus

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for the structured Asset Securities
Corporation Mortgage Pass-Through Certificates,
Series 2006-BC6,
AMERICAN HOME MORTGAGE SERVICING, INC.,
MCCURDY & CANDLER, LLC,
MCCURDY & CANDLER BANKRUPTCY LLC,
ANTHONY DEMARLO, et al.,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 29, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Dorothea Cornelius and Ali S. Muhammad, proceeding *pro se*, appeal the district court's *sua sponte* dismissal of their action under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. Cornelius and Muhammad contend that the district court either misapplied the diversity jurisdiction statute, 28 U.S.C. § 1332, or should have cured any lack of diversity by dismissing any nondiverse defendants they named. In the alternative, they argue that their complaint presents a federal question. After review, we affirm.

## I.

"We review *de novo* the district court's dismissal for lack of subject matter jurisdiction, construing the complaint in the light most favorable to the plaintiff and accepting all well-pled facts alleged in the complaint as true." *Quail Cruises Ship Mgmt. Ltd. v. Agencia de Viagens CVC Tur Limitada*, 645 F.3d 1307, 1309 n.1 (11th Cir. 2011). Pleadings filed by *pro se* litigants are given liberal construction, but "we nevertheless have required them to conform to procedural rules." *Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (quotation omitted). Plaintiffs must "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see also*

2

*Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden . . . to allege with sufficient particularity the facts creating jurisdiction . . . ." (quotation omitted)).

Federal courts have limited jurisdiction and are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005). If at any time during the proceedings the court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A court may, however, upon a motion or on its own initiative, drop dispensable parties whose presence in a case may divest the court of jurisdiction. Fed. R. Civ. P. 21; *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-73 (2004).

Jurisdiction under 28 U.S.C. § 1332 based upon the parties' diversity of citizenship "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). Cornelius and Muhammad's complaint plainly shows that both they and several of the defendants they sued are citizens of the state of Georgia, as the district court observed.[1] And we have indicated that a district court's authority

_____

[1] Cornelius and Muhammad's contention that the district court ignored 28 U.S.C. § 1332(c)(1) misunderstands the relationship of that subsection and § 1332(a). Subsection (c)(1) explains how citizenship, as used in subsection (a), is determined for corporate entities.

to dismiss a party who spoils complete diversity is permissive and discretionary. *Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76 (1996) (stating that a district court is better positioned to determine whether dismissal of a nondiverse party is appropriate). Cornelius and Muhammad never moved to dismiss the defendants with whom they share citizenship, nor do they offer any explanation as to how the district court's failure to do so of its own accord constituted an abuse of discretion under Rule 21.

## II.

The district court also found that the complaint lacked any substantial federal question sufficient to invoke its jurisdiction under 12 U.S.C. § 1331. Under that provision, a federal court will have jurisdiction only when the plaintiff's cause of action is conferred by federal law or when there is some "contested[, substantial] federal issue" and the exercise of jurisdiction is "consistent with congressional judgment about the sound division of labor between state and federal courts . . . ." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). The mere presence of a federally

---

Likewise, the district court was not required to examine the applicability of § 1332(a)(2)-(3), as Cornelius and Muhammad now assert, because their allegations do not involve citizens of a foreign nation.

regulated defendant does not of itself raise a substantial federal question. *E.g.,* *First Fed. Sav. & Loan Ass'n of Lake Worth v. Brown,* 707 F.2d 1217, 1220 (11th Cir. 1983). Except for the bare mention of "RESPA," which presumably refers to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601-2617, there is no reference to federal law in Cornelius and Muhammad's complaint. And the complaint does not indicate what portion of that Act Cornelius and Muhammad claim was violated or what factual allegations they contend would constitute a violation. Even construing their complaint liberally, Cornelius and Muhammad failed to allege facts showing a substantial federal question.[2]

## III.

Accordingly, we affirm the district court's dismissal of this action for lack of subject matter jurisdiction.

**AFFIRMED.**

---

[2] We also decline to address the regulatory violations that Cornelius and Muhammad have alleged for the first time on appeal. Even a plaintiff proceeding *pro se* may not amend its complaint by argument in an appellate brief. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). *Cf. Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314-15 (11th Cir. 2004 (stating that a plaintiff may not "amend [her] complaint through argument in a brief opposing summary judgment").