[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2011
JOHN LEY
CLERK

No. 11-10920
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00218-WMA

PATRICIA MASON,

Plaintiff-Appellant,

versus

MCPHILLIPS, SHINBAUM & GILL,
JULIAN MCPHILLIPS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 12, 2011)

Before CARNES, BARKETT, and ANDERSON, Circuit Judges.

PER CURIAM:

Patricia Mason, who is proceeding pro se, appeals the dismissal of her complaint against McPhillips, Shinbaum & Gill, and Julian McPhillips. We will refer to the defendants collectively as "the law firm." The allegations in Mason's complaint arise from the law firm's representation of her in an employment discrimination lawsuit against her former employer, AmSouth Bank. That case ended in March 2006 with summary judgment granted in favor of AmSouth. In the present case Mason contends the district court erred by concluding that it lacked subject matter jurisdiction to consider her claims against the law firm.

Mason also challenges the district court's denial of her motion to amend her complaint. In the opening paragraphs of her original complaint, Mason cited the Fourteenth Amendment, the Age Discrimination in Employment Act, the Americans With Disabilities Act, the Civil Rights Act of 1964, and the Rehabilitation Act of 1973. In the sections listing the counts against the law firm, however, the three causes of action she asserted—"breach of duty," "intentional negligence," and "intentional misrepresentation"—actually amount to purely state law claims.[1]

_____

[1] Before she filed her lawsuit against the law firm in federal court, Mason filed a similar lawsuit in Alabama state court. On September 11, 2008, the state court granted summary judgment in the law firm's favor because Mason's claims were barred by the statute of limitations.

Similarly, in the "jurisdiction" section of the amended complaint that she sought to file, Mason cited the Fifth and Fourteenth Amendments, 42 U.S.C. § 1983, and the Lilly Ledbetter Fair Pay Act of 2009, Pub.L. No. 111-2, 123 Stat. 5 (2009). In the sections of that pleading listing the counts against the law firm, however, the causes of action she asserted—"fraud," "breach of fiduciary duty," "willful, malicious negligence," and "misrepresentation and deceit"—actually amount to purely state law claims. Even liberally construing Mason's pro se pleadings,[2] the essence of her allegations both in the original complaint and in the amended complaint is that the law firm committed malpractice, which is a state law claim. And it is undisputed that both Mason and the law firm are citizens of Alabama.

Mason argues, among other things, that her claims arise under federal law for purposes of federal question jurisdiction. The law firm responds that the district court did not err in dismissing Mason's complaint because, among other things, subject matter jurisdiction did not exist and Mason failed to state a claim upon which relief may be granted.

We review de novo questions of subject matter jurisdiction. Beaulieu v.

---

[2] "[P]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation marks omitted).

City of Alabaster, 454 F.3d 1219, 1226 (11th Cir. 2006). "Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see also Fed.R.Civ.P. 12(h)(3) (providing that a court "must" dismiss an action if it determines at any time that it lacks subject matter jurisdiction). Federal question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction to exist, the lawsuit must be between citizens of different states and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a)(1); Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 2617 (2005). In the present case diversity jurisdiction does not exist because both Mason and the law firm are citizens of Alabama. Jurisdiction exists only if Mason has raised a federal question, and, as we have already discussed, she has asserted only state law claims.

As for Mason's motion to amend her complaint, the district court did not err by denying it. Mason's amended claims, as we have already discussed, still do not raise a federal question. For that reason, it would have been futile for the district court to have granted Mason's motion to amend the complaint. See Hall v. United

4

Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (quotation marks omitted).

**AFFIRMED**.