[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14088
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02895-CAP

EPHRAIM POSTELL,

                    Plaintiff - Appellee,

versus

RYDER TRUCK RENTAL, INC., ET AL.,

                    Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 15, 2013)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Appellant Ephraim Postell appeals the district court's order granting Appellees Ryder Truck Rental, Inc. and Harleysville Mutual Insurance Company's (collectively "Defendants") motion for summary judgment.  Postell poses three arguments on appeal: (1) it was error for the district court to find that Postell failed to file a response to Defendants' statement of material facts, as required by Northern District of Georgia Local Rule 56.1 (B)(2)(a)(2); (2) the district court erred in granting Defendants' motion for summary judgment; and (3) it was error for the district court to rule on Defendants' motion for summary judgment because the discovery deadline had not yet passed.  After a thorough review of the parties' briefs and the record, we affirm.

I.    Background

In July 2010, Postell was injured when a loading ramp he was standing on collapsed.  At the time, Postell was working for Eastern Star Seafood, Inc. (Eastern Star).  The loading ramp was attached to a refrigerated box truck; Eastern Star leased the cab and chassis of the truck from Ryder Truck.  Eastern Star was insured through Harleysville Mutual, and named Ryder Truck as an additional insured.

In July 2011, Postell filed a complaint in the Superior Court of Gwinnett County, Georgia, against Defendants, alleging that they were negligent in failing to maintain the truck's unloading ramp.  In response, Defendants removed the case to

2

the United States District Court for the Northern District of Georgia based on diversity jurisdiction.

Thereafter, in February 2012, Defendants moved for summary judgment. Around the same time, Liberty Mutual Insurance Company (Liberty Mutual) alleged that it had already paid out Postell's worker's compensation benefits, so it moved to intervene as a plaintiff in order to preserve its subrogation rights in any amount Postell might recover. The district court granted the motion, and Liberty Mutual was added as a party.

The district court granted Defendants' motion for summary judgment on July 27, 2012. The district court found that the Defendants were not responsible for maintaining the truck in question, and therefore, they were not negligent. Postell timely appealed.

## II.    Jurisdiction

As a preliminary matter, we must first tackle the issue of jurisdiction. Prior to the filing of their appellate briefs, the parties were instructed to brief this court on two jurisdictional issues.

(1) Whether the district court's July 27, 2012 order is final and appealable, when it did not directly dispose of intervenor-plaintiff Liberty Mutual Insurance Company's complaint?

(2) Whether the complaint sufficiently alleges the citizenship of all the parties to establish diversity jurisdiction?

This court has jurisdiction over the instant matter.  First, the district court's order was final.  To be appealable, an order must either be final or fall within a specific class of interlocutory orders that are made appealable by statute of jurisprudential exception.  28 U.S.C. §§ 1291, 1292.  A final decision within the meaning of 28 U.S.C. § 1291 "is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir. 1983) (internal quotation marks omitted).  A district court order that disposes of fewer than all of the claims or parties, or contemplates further substantive proceedings in the case, is not final or appealable unless the district court certifies the order as immediately appealable under Federal Rule of Civil Procedure 54(b).  *Haney v. City of Cumming*, 69 F.3d 1098, 1101 (11th Cir. 1995).

Here, when the district court granted Defendants' summary judgment motion, it did not explicitly address the subrogation claims asserted by Liberty Mutual.  These claims, however, would have only taken effect had Postell recovered from Defendants.  Therefore, by finding that Postell had failed to prove Defendants were negligent, and subsequently granting Defendants' motion for summary judgment, the district court implicitly denied Liberty Mutual relief on its claims.  Accordingly, the district court effectively dismissed all claims against all

4

parties, and the district court's order is a final, appealable decision. *See* 28 U.S.C. § 1291; *Pitney Bowes*, 701 F.2d at 1368.

The district court also had jurisdiction over the parties. "Diversity jurisdiction exists over a controversy between citizens of different states." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam) (citing 28 U.S.C. § 1332(a)). A corporation is deemed a citizen of any state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). For natural persons, a complaint must allege the parties' citizenship, which is their domicile. *McCormick*, 293 F.3d 1257. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Postell is a citizen of Georgia. He has lived in Georgia all of his life. He was domiciled in Georgia at the time of the filing of this case. Ryder Truck is a company formed and existing under the laws of the State of Florida, with its principal place of business in Miami, Florida. Harleyville Mutual is a company formed and existing under the laws of the State of Pennsylvania and has its principal place of business in Harleysville, Pennsylvania. Therefore, the district court had jurisdiction over the parties. *See* 28 U.S.C. § 1332.

III.    Summary Judgment

We review the district court's grant of summary judgment de novo. *Huff v. DeKalb County*, 516 F.3d 1273, 1277 (11th Cir. 2008). "Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (internal quotation marks omitted). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836–37 (11th Cir. 2006).

Postell first contends that the district court erred when it found as admitted the facts in the Defendants' statement of material facts. The relevant local rule states that, "[a] respondent to a summary judgment motion shall include the following documents with the responsive brief: [ ][a] response to the movant's statement of undisputed facts[, which] shall contain individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts." N.D. Ga. R. 56.1(B)(2)(a)(1). The rules further provides that the district court

> will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise

6

responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1).

N.D. Ga. R. 56.1(B)(2)(a)(2).

Here, Postell failed to file a response to Defendants' statement of undisputed facts. Consequently, the district court did not err when it deemed all of the facts set forth in Defendants' statement of facts as admitted by Postell. Postell's argument as to this issue fails.

Similarly, Postell's argument that summary judgment was improper must also fail. In neglecting to file a response to Defendants' statement of undisputed facts, Postell admitted, most notably, that Eastern Star had itself added the loading ramp to the truck rented from Ryder Truck. In addition, Postell is deemed to have admitted that pursuant to the lease agreement between Eastern Star and Ryder Truck, Eastern Star would be wholly responsible for the maintenance and repair of all components added to the leased truck, e.g., the loading ramp. Given that these facts are deemed admitted, Postell presents no argument to support a conclusion that summary judgment was improperly granted.

Lastly, Postell contends that summary judgment was improper because the district court granted Defendants' motion for summary judgment before the completion of discovery. This argument is without merit. According to the district

court docket, discovery was scheduled to end on January 27, 2012.  Defendants

filed their motion for summary judgment on February 15, 2012.

The district court's order is **AFFIRMED.**