[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11289
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00102-CDL


CAREY A. FORTSON,

Plaintiff-Appellant,

versus

COLUMBIA FARMS OF GEORGIA,
JOHNSON BREEDER INC,
TOM DONOVAN,
individually and in his capacity as Human
Resource Department Manager,
MICHELLE CARLSON,
individually and in her capacity as Assistant Manager,
ROBERT C. JOHNSON, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 25, 2015)

Before WILSON, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Carey Fortson appeals the district court's dismissal of his civil suit against his former employer and several individuals for fraudulent misrepresentation allegedly committed in separate litigation concerning his termination. Fortson argues that diversity jurisdiction existed over his claim against the individual defendants because one of the named defendants was a citizen of North Carolina, while Fortson was a resident of Georgia.[1]

We review a district court's determination regarding subject matter jurisdiction de novo. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999). Federal courts are vested with original jurisdiction over claims between citizens of different states where the amount in question exceeds $75,000. *See* 28 U.S.C. § 1332. For federal diversity jurisdiction to attach, all parties must be completely diverse, requiring all plaintiffs to be diverse from all defendants. *Univ. of S. Ala.*, 168 F.3d at 412.

Here, the district court did not err by dismissing Fortson's state law claim against the individual defendants for lack of subject matter jurisdiction because

---

[1] Fortson does not contest the district court's finding, adopted from the magistrate judge's reports, that he failed to state a claim for fraud on the court pursuant to Federal Rule of Civil Procedure 60(d). He also fails to challenge the district court's dismissal of his state law claim against Columbia Farms for lack of jurisdiction. Accordingly, any arguments in these respects are abandoned, and we need not address the matters further. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (finding that issues not briefed on appeal by a pro se litigant are deemed abandoned).

diversity jurisdiction requires complete diversity of all the parties.  *See id.* Although one defendant may have been a citizen of North Carolina, this does not create diversity jurisdiction because Fortson noted that the other named defendants were all, like himself, residents of Georgia.  In any event, Fortson had to allege diversity of citizenship, not just residency.  *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

Accordingly, the district court did not err by dismissing Fortson's suit for lack of complete diversity, and we affirm.

**AFFIRMED.**