[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13598

Non-Argument Calendar

_____

WASEEM DAKER,

                                                    Plaintiff-Appellant,

_versus_

REDFIN CORPORATION INC,
a State of Washington corporation,

                                                    Defendant-Appellee,

KELLEY SWEET, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:20-cv-02561-WMR

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Waseem Daker, a federal prisoner proceeding *pro se*, appeals the district court's denial of his original and amended complaints for lack of subject matter jurisdiction and the district court's dismissal of his motions for access to authorities and copies of judicially-noticed records as moot. Daker argues that the district court erred by dismissing his amended complaint because, although he did not sign his amended complaint, he signed an attached perjury declaration. Daker further contends that complete diversity existed as to himself and Redfin Corporation, Inc., because, regardless of whether he was domiciled in Florida or Georgia, Redfin was domiciled in Washington. Lastly, Daker also raises arguments regarding the district court's dismissal of his original complaint, but, as explained below, we need not consider those arguments as the

operative pleading before the district court was the amended complaint.

## I.  STANDARD OF REVIEW

We review *de novo* a district court's dismissal of a complaint for lack of subject-matter jurisdiction.  *Center v. Sec'y, Dep't of Homeland Sec.*, 895 F.3d 1295, 1299 (11th Cir. 2018).  *Pro se* filings are construed more liberally than formal pleadings drafted by lawyers.  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

## II.  ANALYSIS

The plaintiff bears the burden of establishing federal subject matter jurisdiction.  *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016).  "If the plaintiff fails to shoulder that burden, the case must be dismissed.  *Id.*  Federal courts exercise limited jurisdiction and generally only can hear actions that involve a federal question or meet the requirements for diversity jurisdiction.  28 U.S.C. §§ 1331–32; *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  A district court has diversity jurisdiction over an action if: (1) the amount in controversy exceeds $75,000, and (2) the controversy is between citizens of different states.  28 U.S.C. § 1332(a)(1).  A corporation is considered a citizen of the state in which it is incorporated or has its principal place of business.  *Taylor*, 30 F.3d at 1367.

We address Daker's first argument that the district court erred by dismissing his amended complaint because, although he did not sign his amended complaint, he signed an attached perjury

declaration. Under Federal Rule of Civil Procedure 11(a), every pleading or written motion must be signed by the party personally if the party is unrepresented. The district court must strike an unsigned paper unless the omission is promptly corrected after being called to the party's attention. *Id.* The purpose of Rule 11 is to subject the signing party to sanctions for inappropriate filings. *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993).

Here, Daker, a pro se litigant, by signing the perjury declaration attached to his amended complaint accomplished the requirement of Federal Rule of Civil Procedure 11. We therefore hold that the district court erred in determining that Daker's amended complaint was not properly before the district court. *See Lennon*, 914 F.2d at 1463; *see Didie*, 988 F.2d at 1104.

Turning to the second issue, we conclude that the district court also erred in dismissing Daker's amended complaint on this ground. First, a party may amend his pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). A complaint is a pleading to which a responsive pleading is required. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291-92 (11th Cir. 2007). "As a general mater, an amended pleading supersedes the original pleading; the original pleading is abandoned by the amendment and is no longer part of the plaintiff's averments against the defendant." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). "If the case has more than one

20-13598                Opinion of the Court                5

defendant and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." *Williams*, 477 F.3d at 1291. Here, the defendants listed in Daker's original complaint never served Daker a responsive pleading, so he was free to amend his original complaint at any time. *See* Fed. R. Civ. P. 15(a).

The operative pleading was therefore the amended complaint. Daker did not include the individual defendants in his amended complaint, only Redfin. Thus, it was irrelevant whether Daker was domiciled in Florida or Georgia for the purposes of diversity jurisdiction as Redfin was domiciled in Washington. Because complete diversity existed between Daker and Redfin, the district court erred by dismissing his amended complaint for lack of subject matter jurisdiction. *See Taylor*, 30 F.3d at 1367.

Accordingly, we vacate the district court's dismissal of Daker's amended complaint for lack of subject matter jurisdiction.[1]

**VACATED AND REMANDED.**

---

[1] Because Daker's amended complaint superseded his original complaint, we need not address any of the issues raised by Daker regarding the original complaint.