[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10118

Non-Argument Calendar

_____

DEKORRIE K. BELL,

Plaintiff-Appellant,

*versus*

BIRMINGHAM BOARD OF EDUCATION,

Defendant- Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cv-00477-MHH

_____

Before LAGOA, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

DeKorrie Bell, *pro se*, appeals the district court's dismissal of her case without prejudice for lack of subject matter jurisdiction. For the reasons stated below, we affirm.

Bell filed a complaint against the Birmingham Board of Education ("the Board") in federal court using the *pro se* general complaint form for civil cases. On the form, she checked the box designating "Constitutional or Federal Question" as the basis for jurisdiction, listed "title IV Civil Rights Act 1962 42 USC 2000 obstruction of Justice" as the basis for the federal court's jurisdiction, and sought $40 million in damages. The district court, however, found that Bell failed to allege any facts establishing that it had subject matter jurisdiction and dismissed her case without prejudice.

We liberally construe a *pro se* plaintiff's pleadings, holding them "to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, this liberal construction does not mean a court must serve as *de facto* counsel for the *pro se* party, nor does it oblige the court to rewrite a deficient pleading to sustain the action. *Id.* at 1168-69. Issues not raised on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

We review *de novo* a district court's determination that it lacks subject matter jurisdiction. *Campbell*, 760 F.3d at 1168. The

party bringing the claim bears the burden of establishing that the district court has subject matter jurisdiction. *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016). Federal courts have limited subject matter jurisdiction and are empowered to hear only those cases within its statutory or constitutional authority. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Thus, federal courts have jurisdiction over cases raising federal questions or cases involving diverse citizens where the amount in controversy exceeds $75,000. *Id.*; *see also* 28 U.S.C. §§ 1331, 1332(a). "If jurisdiction is based on either of these, the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends." *Taylor*, 30 F.3d at 1367 (internal quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)). Without such allegations, the court must dismiss the action if the plaintiff does not cure the deficiency. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013); *see also* Fed. R. Civ. P. 12(h)(3) (explaining that a court must dismiss an action once it determines that it lacks subject matter jurisdiction).

As an initial matter, Bell does not challenge the district court's conclusion that it lacked subject matter jurisdiction in her brief, meaning she has abandoned that issue on appeal. *Timson*, 518 F.3d at 874. Nevertheless, considering Bell's *pro se* status, we will review the district court's dismissal of Bell's complaint for lack of subject matter jurisdiction. Upon such review, we conclude that the district court did not err in dismissing Bell's case for that reason. Bell's *pro se* complaint failed to allege facts establishing either

4                          Opinion of the Court                          23-10118

federal question jurisdiction or diversity jurisdiction.  Thus, the district court's dismissal of Bell's complaint is **AFFIRMED.**