**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13436

Non-Argument Calendar

————————————

BOBBY R. WILLIAMS,

*Plaintiff-Appellant,*

*versus*

OMEGA LABORATORIES INC.,
DR. GEORGE E. PLATT,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:25-cv-00254-RH-MAF

————————————

Before JORDAN, KIDD, and ED CARNES, Circuit Judges.

PER CURIAM:

Bobby Williams took an initial mandatory drug test as part of his new truck-driving job's employment conditions.  The result

2                    Opinion of the Court                    25-13436

was positive for illicit drugs.  Williams objected to the accuracy of the test but was fired.  Because of that, he filed a complaint with the Florida Medical Board (Board), alleging "misconduct" on part of Dr. George E. Platt, the doctor retained by Williams' former employer to administer the drug test.  After the Board dismissed Williams' complaint, he filed a lawsuit in federal court against Dr. Platt and the lab that ran the drug test, Omega Laboratories, Inc. (Omega Labs).[1]  He proceeded *pro se* and asserted only state-law claims.  Against Dr. Platt he asserted claims of medical negligence and "forgery/alteration of records"; against Omega Labs he asserted a claim of negligence and breach of duty; and he asserted a "claim" of equitable tolling. [2]

The complaint claimed that the court had subject matter jurisdiction over the action based on the parties' diversity of citizenship.  But because it didn't allege any facts about the defendants' citizenship, a magistrate judge granted Williams leave to amend

---

[1] Williams alleged that a second lab also ran his drug test, but he didn't name it as a defendant.

[2] Equitable tolling is not a cause of action — it's a legal doctrine that effectively extends the statutory deadline for filing a cause of action. *See Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1156 (11th Cir. 2005) ("When a statute is equitably tolled, the statutory period does not begin to run until the impediment to filing a cause of action is removed.").  In any event, the request for equitable tolling plays no part in this appeal.

25-13436                Opinion of the Court                3

the complaint and gave him the opportunity to correct that deficiency.  The amended complaint, however, fares no better.[3]

Instead of correcting the deficiency in citizenship allegations, the amended complaint attempts to establish subject matter jurisdiction by vaguely asserting that the state-law claims "implicate" a federal question.  Under the heading "Jurisdiction and Venue," it alleges: "The claims asserted also implicate the Plaintiffs federally protected rights under the Due Process Clause of the Fourteenth Amendment as they relate to fair and reliable medical testing used to determine employment eligibility, which in turn affects liberty and property interests."  Because the only claims that the amended complaint actually asserts are state-law claims, the magistrate judge recommended that the amended complaint be dismissed for lack of subject matter jurisdiction.  The district court reviewed *de novo* the magistrate judge's report and recommendation, adopted it, and dismissed the case without prejudice.  Williams timely appealed.  We affirm.

---

[3] The amended complaint is the operative one here. Williams attempted to file two more amended complaints but did so without leave to amend.  Because he didn't obtain leave to amend, the magistrate judge entered an order stating that no further action would be taken on those two attempts to further amend the complaint.  Williams objected to the magistrate judge's order, but he didn't challenge it on appeal and therefore abandoned any argument about it. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

## I.

Williams contends that the district court erred in dismissing his amended complaint because, he asserts, he was never served with the report and recommendation and was therefore deprived of the opportunity to object to it. "We review for abuse of discretion the treatment by a district court of a report and recommendation of a magistrate judge." *Stephens v. Tolbert*, 471 F.3d 1173, 1175 (11th Cir. 2006).

The record does show that the court's first attempt to serve Williams with a copy of the report was unsuccessful and that the report was returned to the clerk's office as undeliverable. But the record also shows that the deputy clerk then sent Williams a one-time courtesy letter reminding him of his duty to notify the court of any change in address and informing him that the returned report would be sent to him at the address reflected in the Bureau of Prisons or Florida Department of Corrections locator system. *See generally* Fed. R. Civ. P. 72(b)(1) ("The clerk must immediately serve a copy [of the magistrate judge's report] on each party as provided in Rule 5(b)."); Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by[] mailing it to the person's last known address—in which event service is complete upon mailing[.]").

Williams responded by filing objections to the magistrate judge's report and recommendation. He objected to the non-delivery as prejudicial, but he also made specific objections to several of the report's conclusions, indicating that he had read the report

and knew what it said.  In response to Williams' non-delivery objection, the district court extended the deadline for him to file objections and ordered the clerk's office to resend him a copy of the report, thereby curing any earlier error in failure of service.  Williams didn't file any more objections.  The district court did not abuse its discretion in adopting the report and recommendation after any error in service was cured.

## II.

Williams contends that the district court failed to conduct a *de novo* review of the report and recommendation, gave no indication that it reviewed his objections to it, and erred by not considering or applying equitable tolling to his complaint.

The district court expressly stated that it had reviewed *de novo* the issues raised by Williams' objections to the report and recommendation.  The record contains no indication that the court failed to do that.  The court did not abuse its discretion in overruling Williams' objections, adopting the report and recommendation, and choosing not to restate what was already detailed in the adopted order. *See United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988) (explaining that a district court's ability to "[a]dopt[] . . . the order [of a magistrate judge] obviates the need for the district court to prepare its own written findings of fact and statement of reasons supporting" the order); *see also* 28 U.S.C. § 636(b)(1) (explaining that after a *de novo* review of the objected to "portions of the report," a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").

The amended complaint attempts to invoke either the federal court's diversity-based jurisdiction, *see* 28 U.S.C. § 1332(a)(1) (providing that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000" and is between "citizens of different States"), or federal question jurisdiction, *see id.* § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). But as the adopted report and recommendation states, the amended complaint contains no allegations about the citizenship of the defendants. *See generally Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (explaining that a complaint must affirmatively allege a defendant's citizenship to establish diversity-based subject matter jurisdiction).

Nor does the amended complaint assert any claims arising out of federal law. It alleges only the same state-law claims as were stated in the original complaint. While we construe the pleadings of *pro se* litigants liberally, *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), no amount of liberal construction can make a federal question claim arise from the amended complaint. The vague assertion that the state-law claims against a doctor and a private lab, neither of whom is a state actor, "implicate federal legal standards" and Williams' federal rights "under the Due Process Clause of the Fourteenth Amendment as they relate to" employment eligibility isn't enough to establish subject matter jurisdiction. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of

25-13436          Opinion of the Court          7

action does not automatically confer federal-question jurisdiction.").

Because the court lacked subject matter jurisdiction over Williams' claims, it lacked authority to consider the merits of them, making it "powerless to continue." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974–75 (11th Cir. 2005) (quotation marks omitted); *see* Fed. R. Civ. P. 12(h)(3); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999) (explaining that we review *de novo* a district court's dismissal for lack of subject matter jurisdiction). The court did not err in dismissing the amended complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Nor did it err by not applying equitable tolling to the amended complaint.

**AFFIRMED.**